**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Plaintiff*

| | |
|---|---|
| Rodolfo Escamilla, <br><br>         *Plaintiff,* <br>    - vs. - <br><br> Grand Avenue Pizzeria, Inc., <br> d/b/a Grand Avenue Pizza and <br> Giuseppe Santillo, a/k/a <br> Giusippe Santillo, a/k/a <br> Guisseppe Santillo, a/k/a <br> Giovanni P Santillo, a/k/a <br> Joseph Santillo, a/k/a <br> Joe Santillo, and <br> Jean Carlos Santillo, a/k/a <br> John Santillo, <br><br>         *Defendants.* | **DOCKET NO. <u>1:25-cv-00941</u>** <br><br><br> **COMPLAINT** |

Plaintiff Rodolfo Escamilla, by and through his undersigned attorneys, for his complaint against defendants Grand Avenue Pizzeria, Inc., d/b/a Grand Avenue Pizza (hereinafter "Grand Avenue Pizza") and Giuseppe Santillo, a/k/a Giusippe Santillo, a/k/a Guisseppe Santillo, a/k/a Giovanni P Santillo, a/k/a Joseph Santillo, a/k/a Joe Santillo ("Giuseppe Santillo") and Jean Carlos Santillo a/k/a John Santillo ("Carlos Santillo"), (collectively hereinafter, "Defendants"), alleges as follows:

1

## NATURE OF THE ACTION

1.    Plaintiff Rodolfo Escamilla, former employee of defendants Grand Avenue Pizza, Giuseppe Santillo and Carlos Santillo, brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleging that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) compensation for unpaid wages from the Defendants for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations lacked a good faith basis.

2.    Plaintiff further complains that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the Defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for the Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Rodolfo Escamilla is an adult individual residing in Woodside, New York.

4.    Grand Avenue Pizzeria, Inc., d/b/a Grand Avenue Pizza (hereinafter "Grand Avenue Pizza") is a domestic business corporation

2

organized under the laws of the State of New York (hereinafter referred to as "Grand Avenue Pizza") with a principal place of business at 34-24 30th Avenue, Astoria, New York 11103.

5.    At all relevant times, defendant Grand Avenue Pizza was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6.    At all relevant times, defendant Grand Avenue Pizza has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.    Upon information and belief, at all relevant times, defendant Grand Avenue Pizza has had gross revenues in excess of $500,000.00.

8.    Upon information and belief, at all relevant times herein, defendant Grand Avenue Pizza has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9.    At all times relevant herein, defendant Giuseppe Santillo, a/k/a Giusippe Santillo, a/k/a Guisseppe Santillo, a/k/a Giovanni P Santillo, a/k/a Joseph Santillo, a/k/a Joe Santillo ("Giuseppe Santillo") is an adult individual, a resident of the State of New York and an owner or part Owner and principal and/or manager of Grand Avenue Pizza, who at all relevant times herein had the power to hire and fire employees, set wages and schedules, and maintain their records, including those of Plaintiff.

10.    At all relevant times, Giuseppe Santillo was involved in the day-to-day operations of Grand Avenue Pizza and played an active role in managing the business, including hiring, managing, supervising, and paying Plaintiff during his employment by Defendants.

11.    At all times relevant herein, defendant Jean Carlos Santillo a/k/a John Santillo ("Carlos Santillo") is an adult individual, a resident of the State of New York and an owner or part Owner and principal and/or manager of Grand Avenue Pizza, who at all relevant times herein had the power to hire and fire employees, set wages and schedules, and maintain their records, including those of Plaintiff.

12.    At all relevant times, Carlos Santillo was involved in the day-to-day operations of Grand Avenue Pizza and played an active role in managing the business, including hiring, managing, supervising, and paying Plaintiff during his employment by Defendants.

13.    At all relevant times herein, defendants Grand Avenue Pizza, Giuseppe Santillo and Carlos Santillo each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.    Venue is proper in this district pursuant to 28 U.S.C. §

1391 because the Defendants' business is located in this district.

**FACTS**

16. At all relevant times herein, the Defendants owned and operated Grand Avenue Pizza, a pizzeria restaurant located at 34-24 30th Avenue, Astoria, New York.

17. Plaintiff Rodolfo Escamilla was employed at Grand Avenue Pizza from approximately May 8, 2023, until September 2024.

18. Mr. Escamilla was hired and/or supervised by defendant Santillo and/or Carlos at Grand Avenue Pizza.

19. Mr. Escamilla's job duties during his employment included dishwashing, delivery, and stocking merchandise for the pizzeria.

20. Mr. Escamilla's work was performed in the normal course of the Defendants' business, was integrated into the business of the Defendants, and did not involve executive or administrative responsibilities.

21. At all relevant times herein, Mr. Escamilla was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22. During his employment by Defendants, Mr. Escamilla worked a regular schedule, six days per week as follows: Monday, Wednesday, Friday, Saturday and Sunday, from 11:00 a.m. until 10:30 p.m.; and Tuesday from 8:00 a.m. until 10:30 a.m.; with Thursday off.

23. As a result, Plaintiff was working approximately 72 hours per week during his employment by the Defendants.

24. Mr. Escamilla was paid weekly in cash on Wednesdays at the

rate of $600 per week during the first month of his employment by Defendants, and $650 per week thereafter.

25. Plaintiff was paid in cash throughout his employment by the Defendants and received no paystubs or wage statements of any sort with his pay.

26. Plaintiff Rodolfo Escamilla received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

27. As a result, Plaintiff's effective rates of pay were each below the statutory New York City minimum wage in effect at relevant times throughout his employment by Defendants.

28. Defendants' failure to pay Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

29. In addition, the Defendants failed to pay Plaintiff an overtime premium for all hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

30. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours he worked was willful and lacked a good faith basis.

31. Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

32. Defendants' failure to pay Plaintiff the spread-of-hours premiums for each day they worked a shift lasting in excess of ten

hours from start to finish was willful and lacked a good faith basis.

33.   Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signature acknowledging the same, upon the Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

34.   Defendants failed to provide the plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

**COUNT I**
**(New York Labor Law – Minimum Wage)**

35.   Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

36.   At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

37.   Defendants willfully violated Plaintiff's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190- 199, 652 and their regulations.

38.   Defendants' failure to pay Plaintiff compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

39.   Due to the Defendants' New York Labor Law violations,

Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT II
### (Fair Labor Standards Act - Overtime)

40. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

41. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

42. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

43. As a result of Defendants' willful failure to compensate their employees, including Plaintiff, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

44. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

45. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys'

fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### (New York Labor Law - Overtime)

46. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

48. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

49. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

50. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV
### (New York Labor Law – Spread of Hours)

51. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, Plaintiff was employed by Defendants

within the meaning of the New York Labor Law, §§ 2 and 651.

53. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations, such as 12 N.Y.C.R.R. § 142-2.4.

54. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

<u>**COUNT V**</u>
**(New York Labor Law – Wage Theft Prevention Act)**

56. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium

59.  Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium

60.  Due to the Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from the Defendants statutory damages of $250 per day, for each day of his employment by the Defendants, up to the maximum statutory damages.

61.  Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the Defendants statutory damages of $50 per day for each day of his employment by the Defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.  An injunction against the Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from

11

engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

e. Compensatory damages for failure to pay the "spread-of-hours" compensation pursuant to New York Labor Law;

f. An award of liquidated damages as a result of Defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for the Defendants' New York Labor Law violations;

h. Statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and postjudgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: February 19, 2025

> */s/ Michael Samuel*
> Michael Samuel (MS 7997)
> THE SAMUEL LAW FIRM
> 1441 Broadway
> Suite 6085
> New York, New York 10018
> (212) 563-9884
> *Attorneys for Plaintiff*